## RHODES v. CASEY.

1. A judgment recovered against an administrator on final settlement of the estate of his intestate, is a judgment against him individually, and upon such judgment, supplementary proceedings may be had.

2. Where an administrator is charged, on final settlement, with a judgment recovered by him as administrator, such judgment becomes his own property, and may be reached by his creditors under supplementary proceedings.

3. Where a judgment is rendered against an administrator, in favor of sev-- eral distributees, two of whom institute supplementary proceedings against him, it would seem that the property thus reached should go to the moving creditors alone; but this is a matter of no interest to the debtor.

Before WALLACE, J., Spartanburg, July, 1882.

The opinion fully states the case.

*Messrs. Bobo & Carlisle,* for appellant.

*Messrs. Evins, Bomar & Simpson,* contra.

March 8th, 1884.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   These cases were heard together. They were proceedings supplementary to execution against one C. L. Casey.   The cases were referred to J. K. Jennings, Esq., as special referee, before whom Casey was ordered to answer concerning his property.   He did so answer, and the referee reported the following state of facts :

The said Casey was administrator *de bonis non* of the estate of one James Rhodes, deceased, and upon final settlement of the estate in the office of the Probate Court (1875), the Judge of Probate decreed against him certain sums, in favor of the distributees, as follows : To James Rhodes, $109.20 ; to William Rhodes, $109.20 ; to Nancy Rhodes, $109.20 ; to B. F. Rhodes, $164.02 ; to Montgomery Rhodes, $164.02 ; to Sarah Rhodes, $164.02 ; to Jane Casey and J. R. Casey, $111.91 ; to the estate of Nancy Casey, $141.12 ; and gave to said distributees, respectively, leave to issue execution for the same against the said administrator, C. L. Casey.   In the settlement, the Judge of Probate charged the administrator with certain good debts due the intestate, and, to his relief, directed the distributees to take said debts in part payment of said judgments in their favor.   Among these notes was one on A. C. Sherbert and James Nesbitt for $187.94.   On August 3d, 1876, after the aforesaid settlement and judgments against Casey, the administrator, he recovered judgment upon the Nesbitt note against the executor, L. Twitty, for $192, besides interest and costs; and this is the judgment.

which is the matter of contention. Casey, the administrator, is insolvent, and one of the sureties upon his administration bond (Tolleson) has been discharged in bankruptcy.

Under these circumstances, two of the distributees, in whose favor judgments were rendered in the Court of Probate, viz.: J. M. Rhodes and Sarah Rhodes, had their executions against him returned " unsatisfied," and commenced these supplementary proceedings to have the said judgment standing in Casey's favor against Twitty, executor, paid to them, in satisfaction *pro tanto* of their judgments against Casey. The referee reported in favor of the plaintiffs, that they are entitled to an order directing Twitty to pay to them the judgment in favor of Casey, their debtor. Upon exceptions, Judge Wallace sustained the report; and from his judgment Casey appeals to this court upon the following exceptions : Because it is most respectfully submitted the Circuit judge erred : 1. In not sustaining the exceptions of apellant to the report of the referee. 2. In passing a final order in the case, after it had been docketed for a hearing. 3. In ordering appellant to pay to respondents money which has never been in his hands, and which, if paid to appellant, would be held by him in a fiduciary capacity. 4. In ordering respondent (appellant) to pay money in his hands as administrator, which he has never refused to apply in due course of administration. 5. In granting the order herein under the facts and circumstances of the case. 6. In refusing to dismiss the proceedings.

If the judgments of plaintiffs had been rendered against Casey individually, and not as administrator, and his judgment against Twitty, executor, had also been recovered by him in his own name, and not as administrator, there could not possibly be the least doubt of the propriety of the order, under section 317 of the code, part of the chapter concerning "proceedings supplementary to the execution," which provides that "the judge may order any property of the judgment debtor, not exempt from execution, in the hands of either himself or of any other person, or due to the judgment debtor, to be applied towards the satisfaction of the judgment," &c. But it is contended, in the first place, that the judgments of plaintiffs were not recovered against Casey individually, but as administrator of the estate of Rhodes, and,

therefore, their tenor should be payable *de bonis testatoris*, and not *de bonis propriis.* We think this is error. A judgment recovered against an administrator, on final settlement of the estate of his intestate, is a judgment against him individually. The words "as administrator" only indicate the matter out of which the judgment arose and are merely "*descriptio personæ.*" *Ford* v. *Administrators of Rouse, Rice* 222; *De Le Howe* v. *Harper,* 5 *S. C.* 470. In the case from Rice, Judge O'Neall, after referring to the different modes of establishing a *devastavit,* says: "The only other mode of reaching him (an administrator) personally, is by an account before the ordinary or in equity, preparatory to a suit on his bond."

It is also contended that the judgment against Twitty, executor, is due to Casey in his fiduciary character of administrator, and therefore does not come within the provision of the code above cited; that the judgment is not really "the property of Casey, the debtor," but of the estate of his intestate, Rhodes. This may be so in appearance, but it is not so in reality. As the note originally belonged to the estate, Casey sued and recovered upon it as administrator, but he was charged with it in the final settlement, and it became absolutely his own property, subject to a strong equity that it should be paid to the distributees of the estate, whose judgments, at least in part, were based upon it.

The matter of greatest difficulty in the case, is, to whom should the proceeds of the judgment be paid—to all the distributees on their shares *pro rata,* or only to the two who instituted the proceedings; and we suppose that must depend somewhat upon the manner in which the executions were issued. We are not informed whether they were issued separately, or following the decree, collectively in one process; but we incline to think that the judgments and executions may properly be regarded as separate, and that the proceeds should go to those whose vigilance made the discovery and whose activity instituted the proceedings. At all events the appellant has no interest in that question.

The judgment of this court is that the judgment of the Circuit Court be affirmed.